**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Walter SPARROW,
Defendant-Appellant.**

No. 81–4276
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 1982.

Clyde Hurlbert, Biloxi, Miss., for defendant-appellant.

James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this case, John Sparrow appeals the denial of his motion to correct and reduce sentence under F.R.Crim.P. 35, contending that the District Court: (i) failed to provide him the opportunity to make a statement in mitigation of punishment as required under F.R.Crim.P. 32(a)(1); and (ii) solely because of Sparrow's age did not consider sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* (FYCA).[1] Finding that the sentence was imposed in an illegal manner, we reverse, vacate the sentence, and remand for resentencing before another District Judge.

## I.

Sparrow was indicted along with several other persons on four counts of violating the federal drug laws. The charge stemmed from a marijuana smuggling operation on the Mississippi Gulf Coast. Sparrow pleaded guilty to one count, possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Twelve of his co-conspirators in the smuggling operation elected to go to trial and were found guilty by a jury. Sparrow's sentencing occurred at the same time as that of his twelve co-conspirators (the Biloxi case) and that of three defendants from an entirely different drug case (the Hattiesburg case).[2] At the time of sentencing, Sparrow was only nineteen years old and had no previous criminal record. After finding in a conclusory fashion that Sparrow would not benefit from treatment under the FYCA, the judge sentenced him to the maximum punishment under the statute, five years imprisonment and a fine of $15,000, with the requirement that Sparrow be further detained until the fine was paid and then placed on special parole for a period of two years. Sparrow's subsequent motion to correct and reduce sentence under F.R.Crim.P. 35 was denied. From this denial, Sparrow appeals.

 We begin by emphasizing that Sparrow's challenge is to the sentencing

---

1. Sparrow also contends that the District Judge failed to provide a meaningful hearing on the Rule 35 Motion to Correct or Reduce Sentence and failed to consider the presentencing report. Because of our disposition of this case we do not reach these additional challenges to the manner in which the sentence was imposed.

2. The Hattiesburg case is now pending on appeal in No. 81-4338 *United States v. Nathan.*

procedure, not the legality of the sentence itself. While this Court ordinarily will not review the severity of a sentence imposed within statutory limits, we will carefully scrutinize the judicial process by which punishment was imposed. *United States v. Cimino*, 659 F.2d 535, 537 (5th Cir. 1981); *United States v. Clements*, 634 F.2d 183, 186 (5th Cir. 1981); *Herron v. United States*, 551 F.2d 62, 64 (5th Cir. 1977). A motion under F.R.Crim.P. 35 is directed to the discretion of the District Judge, and will be reversed only for illegality or gross abuse of discretion. *United States v. Lacey*, 661 F.2d 1021, 1022 (5th Cir. 1981); *United States v. Yates*, 553 F.2d 502, 503–04 (5th Cir. 1977).

## II.

■ Sparrow's first complaint is that the sentencing judge did not afford him an opportunity to make a statement in his own behalf in mitigation of punishment, as required by F.R.Crim.P. 32(a)(1).[3] At the sentencing proceeding, the District Judge began by addressing all defendants, those in the Biloxi case, the Hattiesburg case, and Sparrow. "(B)efore I have any right to enter any kind of sentence or make any kind of disposition of the cases, I have to afford you an opportunity to make a statement to the Court of any reason why the Court should not sentence you."

Subsequently, he asked twice whether anyone had a statement to make regarding "why sentence should not be imposed." When the judge finally addressed Sparrow individually, he stated: "all right, I call John Walter Sparrow. You said you didn't have any statement you care to make to the Court?" Sparrow's attorney responded "Not in bar of sentence, Your Honor." At that point, counsel for the Government raised Sparrow's eligibility for treatment under the FYCA. Following a discussion on whether Sparrow should be sentenced under the FYCA, Sparrow's attorney was permitted to make a statement in mitigation of punishment which the District Court rejected. The judge then proceeded to sentence Sparrow. While it is clear that the judge was attempting to comply with Rule 32, he failed to ask Sparrow specifically whether he had anything to say in mitigation of punishment. His one statement to Sparrow individually was viewed by Sparrow's attorney as pertaining to a statement in bar of sentence, not mitigation of punishment.

In determining whether Sparrow was afforded the opportunity to make a statement in mitigation of punishment, we must also consider the exchange which occurred just prior to the court's addressing Sparrow individually. After being informed by counsel for one of the Hattiesburg group that one of those defendants, while having nothing to say in bar of sentence, wished to explain his conduct and make a statement about sentence, the following exchange occurred:

The Court: ... What does he want to talk about?

Counsel for one of Hattiesburg defendants: I presume the amount of time he's going to get and why he's here.

The Court: Well, he hasn't got anything to do with that. He hasn't got a thing in the world to do with that, and I won't hear him on what he thinks I ought to do for him because what he thinks is not exactly in accordance with what I think because he didn't think it was against the law to do what he was doing. And I don't want to hear from a fellow like that. He's certainly got no influence on me. Nobody else does that I know anything about. I just try to tend to my business up here, but that's not a part of my business to sit

---

**3.** Rule 32. Sentence and Judgment

 (a) Sentence.

 (1) Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence, the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment. The attorney for the government shall have an equivalent opportunity to speak to the court.

here and waste my time letting some criminal tell me about what sentence he thinks I ought to give him, because that doesn't have a bit of impression on me at all.

It is apparent from this caustic response concerning the proposed statement by another defendant in mitigation of punishment that the judge was not interested in hearing what Sparrow, or any other defendant, might wish to say in mitigation of punishment.

██ But a judge may not harbor such an attitude, for it is well-settled that the failure of the sentencing judge to afford a defendant his "absolute right" of allocution is error, requiring reversal for resentencing. *Haywood v. United States*, 393 F.2d 780, 782 (5th Cir. 1968); *Cuozzo v. United States*, 325 F.2d 274, 275–76 (5th Cir. 1963). Even if what Sparrow intended to say would not influence the judge, under Rule 32 the District Court is required to address the defendant personally, an obligation that it failed to comply with in this case. Even where the judge satisfies the specifics of Rule 32, we must still assure ourselves that the compliance was not merely in form. As we stated in the context of a different failure to comply with Rule 32, "Rule 32 denies any judge the discretion to reduce the hearing on sentence to a meaningless formality." *United States v. Long*, 656 F.2d 1162, 1165 (5th Cir. 1981).

### III.

██ Sparrow's second complaint is that the sentencing judge refused to consider the applicability of the FYCA to him although he was eligible for sentencing under that Act which includes those who are below the age of 21 at the time of conviction. At the sentencing, after the government had pointed out that Sparrow was eligible for treatment under the FYCA, the District Judge stated:

Well, you know, I have a funny feeling about that. You know, when a fellow is old enough to vote and he's been voting for more than a year, when he gets involved in some criminal thing, I don't

think we need to bother too much about him as a juvenile. You've told me all about that and I take that into account.

Subsequently, the Court, after noting that Sparrow was only nineteen years old, stated:

But he is well-developed and has finished the eleventh grade in school and has been a qualified voter for more than a year. *And I do not think that he will profit by treatment as a juvenile* and I therefore do not do so. (emphasis added).

At the hearing on the motion for correction or reduction of sentence, the judge expanded on his reasons.

But I think that a man nineteen years of age would be old enough to know better than to be fooling around with marijuana, as much as he has seen, read, and heard said about marijuana and the effects of marijuana on the general public.

Now this man, nineteen years of age plus, for more than a year he has had a right to sit on the jury, to vote as a citizen of the United States, because he was that much older than eighteen. And I can't help but take that into consideration.

I know that he was considered a minor when he comes into a criminal case, but he's not considered a minor in the ordinary functions of daily life when he can vote, he could have sat on the jury in this particular case, been perfectly qualified— except for his interest in the matter. I take that into consideration. That has a lot of effect on my compassion because I don't know Mr. Sparrow.

██ The FYCA requires that a court explicitly find "no benefit" to an eligible defendant before imposing a sentence other than one under the provisions of the Act. 18 U.S.C. § 5010(b)–(d); *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

The requirement of the "no benefit" finding was designed to insure that the sentencing judge exercised his discretion in choosing not to commit a youth offender to treatment under the Act. Such a find-

ing would make unmistakably clear that the sentencing judge was not only aware of the existence of the new Act, but also knew that the youth offender before him was eligible because of his age for the treatment it provided to accomplish its important purpose .... Once it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, however, no appellate review is warranted.

*Dorszynski, supra,* 418 U.S. at 443, 94 S.Ct. at 3052–53, 41 L.Ed.2d at 868. A sentencing judge is not required to provide supporting reasons for rejecting treatment under the FYCA. *Walls v. United States,* 544 F.2d 236, 237 (5th Cir. 1976).

Although the District Court uttered the magic words ("I do not think that he will profit by treatment as a juvenile"), their mere incantation does not suffice to ward off the evil spirits of appellate review. It is clear that the sentencing judge was of the opinion that *anyone* nineteen years of age, no longer a juvenile since he can both vote and sit on a jury, would not be benefited by the FYCA. Such a position is flagrantly contrary to the congressional intent to provide sentencing judges with discretion as to any defendant under the age of twenty-one.

■ In *United States v. Menghi,* 641 F.2d 72 (2d Cir.), *cert. denied,* 451 U.S. 975, 101 S.Ct. 2058, 68 L.Ed.2d 356 (1981), the Second Circuit considered the case of a District Judge who, while making the "no benefit" ruling, stated that "the court regards the Youth Corrections Act as absolutely no benefit in your case specifically or in any case that this Court will ever have and will never sentence under that Act." In remanding the case for resentencing before another District Judge, the Court stated: "While we have a decent regard for the independence of the judiciary, we cannot possibly countenance the position of the sentencing judge which, applied uniformly, would effectively nullify an Act of Congress. 'A trial court which fashions an inflexible practice in sentencing contradicts the judicially approved policy in favor of "individualizing sentences." ' " *Menghi, su-*

*pra,* at 76, quoting *United States v. Daniels,* 446 F.2d 967, 971 (6th Cir. 1971).

### IV.

Although the District Judge has broad discretion in sentencing, "[t]his discretion is not, and has never been absolute, and while the appellate courts have little if any power to review substantively the length of sentences, ... it is our duty to insure that rudimentary notions of fairness are observed in the process at which the sentence is determined." *United States v. Espinoza,* 481 F.2d 553, 558 (5th Cir 1973). We find that the District Court did not comply with the requirements of Rule 32 and that it abused its discretion in denying the subsequent motion to reduce or correct sentence. For this reason, the sentence must be vacated and the cause remanded for resentencing. As the District Judge made clear that he would not be influenced by any statement in mitigation of punishment by a defendant and that he did not believe that the FYCA should apply to one over eighteen years of age, it is necessary to order that the case on remand be assigned to another judge for resentencing. *See United States v. Long,* 656 F.2d 1162, 1165–66 (5th Cir. 1981).

REVERSED AND REMANDED