**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan Jose VELASQUEZ,
Defendant-Appellant.**

No. 84–1064
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1984.

Juan Jose Velasquez, pro se.

Eric D. Ryan, Dallas, Tex. (Court appointed), for defendant-appellant.

Edward C. Prado, U.S. Atty., Sidney Powell, Daniel E. Maeso, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Juan Velasquez appeals the district court's denial of his Fed.R.Crim.P. 35[1] motion to correct his sentence. Finding that the sentence was imposed in an illegal manner, we reverse the judgment, vacate the sentence, and remand for resentencing.

Velasquez pleaded guilty to one count of aiding and abetting the unlawful transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(2) (1982) and 18 U.S.C. § 2 (1982). On September 19, 1983, the district court sentenced Velasquez to five years, the maximum period of incarceration allowed by 8 U.S.C. § 1324 (1982).

At the presentencing hearing, the district court asked Velasquez whether there were any errors in the presentence report. Velasquez replied no. Velasquez's attorney then objected to the label "notorious alien smuggler" used in the presentence report to describe Velasquez. Velasquez's attorney argued that the description implied that Velasquez was actively involved in smuggling aliens and was known by law enforcement officials for such activities when in fact Velasquez had merely knowingly allowed illegal aliens to stay in his apartment and use his car. The district court did not respond to the objection.

Velasquez subsequently filed a *pro se* motion under Fed.R.Crim.P. 35 seeking a correction or reduction of his sentence. The motion was filed within 120 days of sentencing. Velasquez alleged that he had been denied effective assistance of counsel at the presentencing hearing and that the presentencing report contained false statements. The ineffective assistance of counsel claim was based on charges that Velasquez's attorney failed to object to false statements of which Velasquez had informed him. The district court denied Velasquez's Rule 35 motion.

For the first time on appeal, Velasquez claims that his sentence should be corrected because the district court failed to comply with the procedural rules in imposing his sentence. The issue may now be addressed on appeal only if it involves a pure legal question and if failure to consider it would result in a miscarriage of justice. *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1549 (5th Cir.1984).

---

1. (a) **Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) **Reduction of Sentence.** The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

■ A question is purely legal if no facts could have been raised to develop the issue at the hearing. *Higginbotham v. Ford Motor Co.*, 540 F.2d 762, 768 n. 10 (5th Cir.1976). Here, the issue is only whether the district court complied with the 1983 rule amendment, Fed.R.Crim.P. 32(c)(3)(D), which states:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

■ At the hearing, Velasquez's counsel objected to the description of Velasquez as a *notorious* alien smuggler, because it implied that Velasquez was actively engaged in smuggling illegal aliens and was known by law enforcement officials for such activities. Once Velasquez met his burden under the rule, the court was required to make either a finding as to the allegation or a statement that the controverted matter would not be considered. The record reveals, however, that the district court made no response to Velasquez's objection. Therefore, the district court failed to comply with Rule 32(c)(3)(D). No facts could have been raised to develop the issue. Once it is found that the district court failed to comply with a procedural rule of sentencing, a new sentencing hearing should be ordered. *United States v. Sparrow*, 673 F.2d 862, 866 (5th Cir.1982). Only at that time would the question whether, in

fact, Velasquez was a notorious alien smuggler or whether the court did not take the controverted matter into account be determined. The issues were not for the court hearing the Rule 35 motion to decide.

Furthermore, failure to consider the Rule 32(c)(3)(D) issue would result in a miscarriage of justice. First, information in sentencing reports affects not only the length of the sentence but also the "defendant's place of incarceration, chances for parole, and relationships with social service and correctional agencies after release from prison." *United States v. Brown*, 715 F.2d 387, 389 n. 2 (5th Cir.1983). In other words, Velasquez's life could be greatly affected for years to come by a statement that the district court *may* have found to have been false. This possibility is one of the evils that the rule was specifically designed to prevent. *See* Fed.R.Crim.P. 32(c)(3)(D) advisory committee note. Weighed against this possibility of prejudice, the court's responsibility cannot be ignored; the district court may simply attach the findings or determination to the report. *Id.*

■ Deciding that Velasquez may assert the failure to comply with Fed.R. Crim.P. 32(c)(3)(D) for the first time on appeal, we turn to the issue whether Velasquez is entitled to relief under Fed.R. Crim.P. 35, which permits a court to correct sentences imposed in an illegal manner. A sentence is imposed in an illegal manner if the court fails to comply with the procedural rules in imposing sentences. *See United States v. Sparrow*, 673 F.2d 862, 864–65 (5th Cir.1982).

■ Velasquez objected to the description of notorious alien smuggler and the court failed to respond. Therefore, the district court violated Fed.R.Crim.P. 32(c)(3)(D).[2] Accordingly, the denial of Velasquez's Rule 35 motion must be reversed

---

**2.** In so holding, we reject the Ninth Circuit decision that in order to make out a violation of Fed.R.Crim.P. 32(c)(3)(D), the defendant must prove that the sentencing "court 'demonstrably' relied on the challenged information when it

imposed sentence." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984). Such a requirement clearly contradicts the plain meaning of the rule.

and the case remanded for resentencing. *Sparrow,* 673 F.2d at 868.

Because Velasquez must be resentenced regardless of his ineffective assistance of counsel claims and false statements in the presentencing report claims, and because he is represented by new counsel who will undoubtedly object to any such false statements, we need not address Velasquez's other claims.

The judgment is REVERSED, the sentence is VACATED, and the case is REMANDED for resentencing.