**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Adan CASTILLO–ROMAN,
Defendant-Appellant.**

No. 85–2080
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1985.

[redacted]

Majorie Meyers, Federal Public Defender, Roland E. Dahlin, II, Houston, Tex., for defendant-appellant.

James R. Gough, Jr., Susan L. Yarbrough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

## OPINION

PER CURIAM.

This case is an appeal to review the adequacy of procedures followed by the district court in sentencing the defendant to four years in the custody of the Attorney General. Because we find that the appellant's sentencing did not rest on any factual inaccuracies, and that the district court did not materially err in conducting the sentencing hearing, we affirm and remand only to allow the district court to attach a copy of the sentencing transcript to the presentence report in compliance with Federal Rule of Criminal Procedure 32(c)(3)(D).

## I

In June of 1984, the appellant Adan Castillo-Roman, along with Jose Cervantes-Martinez, Jose Ortegon-Ramirez and others, was arrested outside a Lucky 7 Supermarket in Houston, Texas. Several of the passengers in Castillo's vehicle were illegal aliens, having been transported earlier in the day to Houston from Laredo, Texas by Ortegon and Cervantes. The initial complaint indicated that the transaction involved the smuggling of nine Mexican Nationals. On August 2, 1984, however, pursuant to a plea agreement, Castillo, Ortegon, and Cervantes each pleaded guilty to only one count of illegally transporting an undocumented alien within the United States, in violation of 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2.

After accepting the defendants' plea, the district court ordered the preparation of a presentence investigation report (PSI). In addition to personal data and the defense and prosecution's account of the Houston incident, Castillo's PSI indicated that he had been arrested previously for the transportation of illegal aliens in December of 1983. He had been deported, but not prosecuted for that offense. The PSI also contained a section entitled "Additional Information" that included the following comments:

> An interview with the Immigration case agent reveals that prior to his arrest, Immigration officials had information that defendant Adan Castillo Roman was the head of the "Las Tejas" operations in Houston, Texas. This information was obtained through confidential sources, his telephone number being found during collateral arrests, and the seizure of his telephone records which revealed calls to the organizational heads in Nuevo Laredo, Mexico. Therefore, they rate him as the most culpable in this offense, while defendants Cervantes and

Ortegon were labeled as "runners" and less culpable.

Castillo filed a motion to redact unfounded allegations contained in the presentence report pursuant to Federal Rule of Criminal Procedure 32(c)(3), requesting that the district court: (1) hold a hearing at which the government would be required to prove that he was the "Las Tejas" leader as indicated in his PSI; (2) not rely on that information when imposing his sentence; and (3) order that the information be stricken from his report. At Castillo's later sentencing hearing, the government responded to this motion by offering the testimony of Rex Burns, an Immigration Service Case Agent. Burns stated that the Immigration and Naturalization Service had obtained information that several phone calls had been made to suspected "Las Tejas" members in Nuevo, Mexico from a telephone registered to Rafeal Salgado at 1300 Wirth Road in Houston, Texas. He further stated that an individual named "Juan" was understood to be the "Las Tejas" organization leader, and that "Juan" was living at that address. He offered no testimony, however, to establish that Castillo was, in fact, "Juan" or that Castillo ever resided at 1300 Wirth Road in Houston, Texas.

Castillo responded to Burns' testimony by generally denying that he lived at the address stated; he provided no additional rebuttal evidence. Castillo also admitted his prior immigration arrest and deportation and further acknowledged that he had illegally reentered the United States and again had engaged in the illegal transportation of Mexican Nationals.

When imposing Castillo's sentence, the district court stated that it would "disregard the problem about the telephone [but would] consider the fact that [Castillo was] only a short time previously arrested on a similar offense." The court, however, did not rule on the motion to strike the disputed material from the PSI. The court then sentenced Castillo to four years in the custody of the Attorney General. After imposition of the sentence, the following exchange occurred between Castillo's counsel and the court:

MISS MEYERS: May I move that the challenged allegations be stricken?

THE COURT: I'm not going to strike anything. The defendant is entitled to a hearing before the parole board and at that time he can challenge all of these allegations. Also, the immigration service.

I haven't considered them in sentencing him. I considered his prior involvement in the recent past and his involvement in this case which appears to me he was the moving person in this situation and I am sure the board of pardons and parole, whenever it comes time to consider this defendant's case can inquire. He has a hearing then and the service can attempt to prove its allegation if the board thinks it is something that's going to effect [sic] their decision.

I think he's entitled to a hearing on it, if it's going to impair his right to early release.

MISS MEYERS: We ask that it be noted on the record.

THE COURT: It's all being taken down, but I don't believe in deleting matters from reports as a rule, unless someone can show me they are truly false. I don't know that they are false. Frankly, I don't think they are. I think they are very true, but I didn't consider them, but in case they are, he's entitled to have a hearing on them because they could have made a mistake. From this man's conduct in this case, as reflected by the report, and because of his prior involvement, I take everything he tells me with a grain of salt.

Castillo filed a timely Motion to Correct and/or Reduce Sentence pursuant to Federal Rule of Criminal Procedure 35. He contended that his sentence was disproportionately high when compared with other similarly situated defendants, and therefore it constituted cruel and unusual punishment. He also asserted that the district court's sentencing decision was improperly influenced by unsubstantiated information in

his PSI contrary to Federal Rule of Criminal Procedure 32(c)(3)(D). Castillo's motion was denied on January 4, 1985. The district court, without stating reasons, denied the motion. We affirm.

## II

Castillo's first contention on appeal is that "[t]he sentencing hearing was so infected with material irregularities, confusion, false assumptions, and misinformation that [he] was denied his right to due process." His argument is threefold. First, he claims that his four-year sentence was disproportionately high when compared with the sentences of his codefendants, Ortegon and Cervantes, or the sentences of other similarly situated defendants. To support this claim, Castillo indicates that Ortegon and Cervantes received only probation. He then cites statistics suggesting that in 1983, only 25.9% of all defendants convicted of immigration offenses, who had no prior convictions, received a prison sentence of more than six months. Second, he argues that although the court indicated that it would disregard the disputed information in his presentence report, it also stated that it believed the information to be true and thereby imposed a more severe sentence. Third, Castillo contends that the case should be remanded because the court denied his Rule 35 motion without explanation. We find these arguments unpersuasive.

■ The standards for challenging a sentence imposed by a district court are both clear and stringent. A sentence imposed within the statutory limits is generally not subject to appellate review. *United States v. Tooker*, 747 F.2d 975, 978 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985). A district court's decision concerning a Rule 35 motion will therefore be disturbed only for illegality or gross abuse of discretion. *Id.* Nevertheless, we will carefully scrutinize the sentencing process to assure that a

defendant is not sentenced on the basis of invalid premises. *Id.* When such an issue is raised, however, it is the defendant's burden to demonstrate that his sentence was founded upon a tainted record. *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir.1984). Relief will not be granted on the basis of a showing only that a presentence report contained factual inaccuracies or inappropriate information. *Tooker*, 747 F.2d at 978. In order to prevail, "a defendant must show that the information was *materially* inaccurate and that the judge *relied* on that information." *Id.* (emphasis in original). In the instant case, even if factual inaccuracies existed, Castillo has failed to show reliance. When imposing Castillo's sentence, the district court unequivocally stated that the allegedly incorrect information in his presentence report would not be considered. Instead, the district court stated that Castillo's sentence was predicated upon his previous arrest and subsequent disregard for immigration laws. This information was not inaccurate, and it was certainly a proper subject for consideration. *See Horowitz v. Henderson*, 514 F.2d 740, 741 n. 1 (5th Cir.1975).

■ In addition, Castillo's evidence fails to prove that his sentence was disproportionately long. Both the anecdotal evidence concerning his codefendants' sentences and sentencing statistics shown to the court are silent as to whether his codefendants or the offenders included in Castillo's statistics, like himself, had been previously arrested and deported for violating immigration laws. Thus, the evidence itself is unpersuasive.

■ Moreover, a mere disparity of sentences among codefendants does not, alone, constitute abuse of discretion, *United States v. Atkins*, 618 F.2d 366, 373–74 (5th Cir.1980), and a sentencing court is not required to enunciate the reasons underlying its decision. *United States v. Garcia*, 617 F.2d 1176, 1178 (5th Cir.1980). A judge is to be accorded wide discretion in determining an appropriate sentence. *Id.* He is not obligated to consider codefendants' sen-

tences when imposing sentence on a defendant. *United States v. Lauga,* 762 F.2d 1288, 1291 (5th Cir.1985). A defendant cannot rely upon his codefendants' sentences as a yard-stick for his own. *United States v. Hayes,* 589 F.2d 811, 827 (5th Cir.), *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979).

The sentence imposed by the district court was within statutory limits. The record discloses no reason to doubt the validity or sincerity of the district court's statements regarding its nonreliance on the challenged information. *See United States v. Stephens,* 699 F.2d 534, 537–38 (11th Cir.1983). Since nothing in the record indicates that Castillo was sentenced on the basis of inaccurate information, no abuse or illegality has been established. Castillo's first claims should therefore be rejected.

### III

Castillo contends that Federal Rule of Criminal Procedure 32(c)(3)(D) [1] was violated when the district court "refused to strike the allegations from the report or to take the requisite steps to insure that other authorities would be notified that the allegations had not been considered." He asserts that this violation necessitates his resentencing.

Castillo relies upon *United States v. Velasquez,* 748 F.2d 972 (5th Cir.1984), to support his position. In *Velasquez,* at the defendant's presentencing hearing, defense counsel objected to certain information contained in the presentence report. *Id.* at 973. The district court failed to respond. It neither verified the disputed information, nor indicated that the information would be disregarded. *Id.* On appeal, this court held that the district court's disregard for

the procedural safeguards articulated in Federal Rule of Criminal Procedure 32(c)(3)(D) required that the defendant be resentenced. The rationale underlying this decision was that plain error would otherwise result since only at the defendant's sentencing could the validity of such information be determined or could the court articulate on the record that the disputed information was then not considered. *Id.* at 974.

■ The district court in the case before us technically violated Rule 32(c)(3)(D). Although the court determined that a finding concerning the disputed information was not necessary because it would be disregarded in Castillo's sentencing, it did not append a copy of this determination to Castillo's presentence report. Thus, the issue is whether *Velasquez* requires that Castillo now be resentenced. Castillo argues that pursuant to *Velasquez,* even the technical violation at issue requires his resentencing. A comparison of instant facts with the facts in *Velasquez* and the rationale underlying Federal Rule of Criminal Procedure 32(c)(3)(D), however, suggests otherwise.

The facts in *Velasquez,* and the facts at issue are distinguishable. In *Velasquez,* the district court altogether failed to respond to the defendant's objections. It neither addressed the truth of the challenged allegations nor determined that such a finding was unnecessary because the matter would not be considered in sentencing. Thus, resentencing was the only way to insure that the disputed information would not later be accepted as truthful and thereby possibly affect the defendant's future incarceration or chance for parole.

In this case, however, the district court responded to the defendant's objection. The court provided both Castillo and the

---

**1.** Federal Rule of Criminal Procedure 32(c)(3)(D) states:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a

> determination that no such finding is necessary because of the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

government with an opportunity to introduce evidence either proving or disproving the disputed information. After receiving the evidence from both sides, the court stated that the information would not be considered. In addition, a written record was made which embodied the court's determination. Thus, the error here is based solely on the district court's failure to append a copy of the transcript to the presentence report.

Although the court here technically violated Rule 32(c)(3)(D), resentencing is not necessary. Unlike *Velasquez*, the court substantially complied with the purpose and intent of subsection (D). It entertained a challenge to the disputed information and stated on the record that verification was unnecessary because the information would be disregarded. The only portion of the subsection (D) that was not followed was the part requiring the court to attach a copy of its findings to the defendant's PSI so that the matter would come to the attention of the Bureau of Prisons or Parole Commission. Unlike the other provisions in Rule 32, this requirement appears to be of a ministerial nature that does not call for the vacation of sentence. The remedy contemplated may be afforded in this case without the necessity of resentencing. A copy of the court's sentencing determination need only be appended to the Castillo's PSI. It then may be forwarded to the Bureau of Prisons or Parole Commission so that the disputed information will not be relied upon as having been previously established and thereby adversely affect Castillo's confinement or chance for parole.[2] *See United States v. Hill*, 766 F.2d 856 (4th Cir.1985). Accordingly, the defendant's contention that resentencing is required to provide the necessary procedural safeguards is rejected.

### IV

For the reasons set forth above the district court is affirmed and the case remanded for the sole purpose of allowing the district court to append to the PSI its findings and determinations regarding the dis-

puted material so as to comply fully with Rule 32, Federal Rule of Civil Procedure.

AFFIRMED AND REMANDED.

---

**2.** It is important to note that on March 12, 1985, the U.S. Parole Commission inquired about the disputed information in Castillo's PSI.