IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 06-51604
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BEN LEE BASEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:85-CR-116-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ben Lee Basey, federal prisoner # 34146-080, was charged by indictment with conspiracy to possess with intent to distribute more than 50 kilograms of marijuana (Count 1) and possession with intent to distribute more than 50 kilograms of marijuana (Count 2), in violation of 21 U.S.C. § 841. The Government filed a notice of its intention to seek an enhanced sentence based on Basey's 1984 federal conviction for possession of a controlled substance with intent to distribute. In March 1986, the jury found Basey guilty. In April 1986,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the District Court sentenced Basey to consecutive prison terms of 25 years on Count 1 and 15 years on Count 2, as well as a special parole term of life. We affirmed his conviction on appeal and also affirmed the subsequent denial of his 28 U.S.C. § 2255 motion. In 2004, Basey filed a motion to correct an illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure raising various challenges to his sentence. The District Court denied it on the merits. We affirm.

Basey first contends that the district court was not authorized to impose a special parole term at the time of his sentencing in April 1986. Basey is correct that, pursuant to statutory amendments in 1984, there was no special parole term authorized for offenses under 21 U.S.C. § 841(b)(1)(A). However, as the Government correctly points out, Basey was convicted of offenses involving marijuana, a non-narcotic controlled substance that fell within the sentencing provisions of 21 U.S.C. § 841(b)(1)(B), not 21 U.S.C. § 841(b)(1)(A). Unlike Section 841(b)(1)(A), Section 841(b)(1)(B) retained mandatory special parole terms at the time of Basey's sentencing. See 21 U.S.C. § 841(b)(1)(B), (C) (Supp. II 1984); Gozlon-Peretz v. United States, 498 U.S. 395, 399-400 (1991). Accordingly, Basey's special parole term was authorized, and Basey's sentence was not illegal. See id.

Basey next asserts that the district court failed to admonish him regarding the 21 U.S.C. § 851(a) notice of intent to seek an enhancement based on a prior conviction, as required under § 851(b). However, Basey did not object to the lack of notice. Rather, he filed a response in which he admitted the allegations regarding the prior conviction. He has not shown that he would have been able to raise any meritorious objections to the conviction had the district court complied with § 851(b). Therefore, any error regarding § 851(b) does not require reversal. See United States v. Garcia, 954 F.2d 273, 276-78 (5th Cir. 1992).

Basey also challenges various purported failures by the District Court to comply with Federal Rule of Criminal Procedure 32. These challenges go to the

manner of the sentence imposed and not to the legality of the sentence; thus, they arise under Rule 35(b), not Rule 35(a). See FED. R. CRIM. P. 35(b) (1985); United States v. Velasquez, 748 F.2d 972, 974 (5th Cir. 1984); see also Hill v. United States, 368 U.S. 424, 430 (1962). As such, the claims of violations of Rule 32 were subject to a time limit of 120 days from the date of sentencing, the appeals court's mandate, or order of the Supreme Court denying relief. See FED. R. CRIM. P. 35(b) (1985). As the current motion was filed long after the 120-day limit expired, Basey's claims are barred. See United States v. Cevallos, 538 F.2d 1122, 1127-28 (5th Cir. 1976).

Finally, Basey contends that his counsel rendered ineffective assistance in various ways, rendering his sentence illegal. As a threshold matter, it does not appear that any of Basey's claims of ineffective assistance implicate the legality of his sentence for purpose of Rule 35(a), which looks to whether the sentence was authorized by law or statute or was otherwise constitutionally valid. See Hill, 368 U.S. at 430. We need not decide this question, however, because even if such claims may be raised via a Rule 35(a) motion, Basey's arguments fail.

We previously rejected Basey's claim that counsel rendered ineffective assistance due to a conflict of interest when we affirmed denial of his § 2255 motion in 1991. We will not revisit that settled issue. Basey's remaining claims that counsel failed to raise various objections at sentencing and to advise him regarding § 851 are conclusional and fail to demonstrate ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

For the foregoing reasons, the judgment of the district court is AFFIRMED.