# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2020

Lyle W. Cayce
Clerk

No. 19-31035
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EARL M. SCOTT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:06-CR-30043-5

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

At a revocation hearing, the district court determined that Earl Scott had committed five Grade C violations of supervised release ("SR"), so it sentenced him to a 28-month term of imprisonment. Later that day, upon realizing that Scott had not been given the opportunity for allocution, the court conducted another proceeding, allowed Scott to allocute, and gave

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-31035

Scott's counsel and the government's attorney an opportunity to speak. The court did not change the sentence.

Scott maintains that the district court erred by failing to permit him the opportunity for allocution. As he concedes, because he did not object in the district court, our review is for plain error. *See United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc). To demonstrate plain error, Scott must show, *inter alia*, a forfeited error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"Under the law of this Circuit, the right to allocution applies at sentencing following revocation of [SR]." *Reyna*, 358 F.3d at 347. Here, however, because Scott was allowed to allocute during the second proceeding, there was no clear or obvious error. *See United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001). Further, to the extent that Scott asserts that the district court erred by not giving his counsel and the government's attorney the opportunity to speak regarding his sentence, assuming *arguendo* that there was error, it was corrected at the second proceeding. *See id.*

Challenging the second proceeding, Scott asserts that the court was required to vacate the sentence it had imposed before it conducted another proceeding; however, he has not cited to authority that establishes such a requirement. Scott did not object at either proceeding, and we will not ordinarily find plain error in the absence of controlling precedent or where the appellant's theory would require the extension of existing precedent. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Scott's contention that the second proceeding was a "meaningless formality," *United States v. Sparrow*, 673 F.2d 862, 865 (5th Cir. 1982) (internal quotation marks and citation omitted), also fails. Contrary to Scott's assertion, it is apparent from the record that he completed his allocution without interference from the district court, which explained its sentencing decision in terms that were responsive to the points made by Scott during his allocution. Further, as the court made no "caustic response," the instant

matter is easily distinguished from *Sparrow*. *Id.*

As for the decision to impose a 28-month revocation sentence, Scott raises several procedural challenges. Once again, we review for plain error because Scott did not object in the district court. *See United States v. White-law*, 580 F.3d 256, 259 (5th Cir. 2009).

Viewing the district court's statements in context, the record is, at best, equivocal as to whether the court believed that the applicable policy statements required the revocation of SR or whether the court believed that the sentencing range of 8 to 14 months of imprisonment recommended by U.S.S.G. § 7B1.4(a), p.s., did not account for situations, such as Scott's, in which a defendant has committed multiple SR violations of the same grade. An equivocal record cannot amount to clear or obvious error, so Scott cannot prevail under the plain-error standard. *See id.* at 259–60.

Scott's contention that the district court failed to provide a sufficient basis for imposing a sentence above the range of 8 to 14 months also fails under the plain-error standard. Although the district court mostly referred to the 28-month sentence as an upward "departure," where a sentence is "reasonable under the totality of the relevant statutory factors," the specific characterization as a departure or variance is irrelevant. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Therefore, Scott cannot show that his substantial rights were affected as a result of the failure to characterize the sentence properly. *See id.*

Scott avers that the district court erred because it did not consider the factors of 18 U.S.C. § 3553(a) in determining his sentence. Although it is true that the court made no explicit reference to § 3553(a) or to its sentencing considerations, that alone does not establish clear or obvious error because "[i]mplicit consideration of the § 3553 factors is sufficient." *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). The district court did not err by taking into account Scott's numerous SR violations, *see United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992), and our review of the record

satisfies us that the court implicitly considered the § 3553(a) factors; thus, Scott has not shown clear or obvious procedural error. *See Whitelaw*, 580 F.3d at 263–64; *Teran*, 98 F.3d at 836. Further, Scott fails to meet the plain-error standard for the additional reason that he has not shown that his substantial rights were affected, as nothing in the record suggests that an explicit statement of consideration of the § 3553(a) factors would have resulted in a lesser sentence. *See Whitelaw*, 580 F.3d at 264–65.

Finally, we turn to Scott's challenge to the substantive reasonableness of his sentence. Despite the lack of an objection, we treat this issue as preserved. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). The substantive reasonableness of a revocation sentence is reviewed for abuse of discretion in light of the totality of the circumstances, with the additional requirement that any error be plainly unreasonable. *See United States v. Warren*, 720 F.3d 321, 332 & n.2 (5th Cir. 2013).

Scott has not shown that his sentence is substantively unreasonable. His contention that a 28-month sentence is inappropriate given his Grade C SR violations amounts to nothing more than a mere disagreement with the district court's weighing of the sentencing considerations, which is insufficient to warrant reversal under our deferential standard of review. *See id.* at 332. Although the sentence exceeds the policy-statement range, it is within the statutory maximum. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Id.* (internal quotation marks and citation omitted).

AFFIRMED.