**UNITED STATES of America,
Respondent-Appellee,**

v.

**James George SHEPHERD,
Petitioner-Appellant.**

**No. 79–1323.**

United States Court of Appeals,
Tenth Circuit.

Submitted March 20, 1980.
Decided April 8, 1980.

Joseph F. Dolan, U. S. Atty. and William C. Danks, Asst. U. S. Atty., Denver, Colo., for respondent-appellee.

Michael S. Axt, Asst. Federal Public Defender, Denver, Colo., for petitioner-appellant.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from the denial of a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. After conducting a full evidentiary hearing into appellant's allegations, the district court denied relief.

The matter was earlier remanded by this court for correction of a portion of the record. *United States v. Shepherd*, Unpublished No. 79–1323 (10th Cir. filed March 5, 1980). That record is now before us.

We need not repeat the facts, which are outlined in *Shepherd v. United States*, 467 F.Supp. 71 (D.Colo.1979). The trial judge considered numerous exhibits, depositions and testimony in support of his conclusion that the "failure to strictly comply with Rule 11 in all respects did not prejudice Shepherd and did not result in a miscarriage of justice." *Shepherd v. United States*, 467 F.Supp. at 74. Based on the record and briefs, we concur in the trial court's decision.

The sentencing court asked defendant directly if he wished to plead guilty, informed him of the possible sentence, then asked him again if he wished to plead guilty. The defendant replied in the affirmative both times. He now, nearly ten years later, seeks to set his plea aside because the court did not personally address him to specifically determine if the plea was voluntary. *Shepherd v. United States*, 467 F.Supp. at 72. Shepherd claims that he was assured a lenient sentence. This assurance, however, came from two persons both of whom were themselves apparently at least peripherally involved in the theft ring.

In his deposition, Shepherd declined to answer any questions regarding advice offered by *his own* attorney, nor was the attorney called to testify at the evidentiary hearing. The trial court's finding that Shepherd's story, first told almost eight years after judgment was entered, was cooked up by Shepherd and his former partner in crime after the two were reunited at the penitentiary in Leavenworth, Kansas, is not clearly erroneous. *Shepherd v. United States*, 467 F.Supp. at 74.

The record leaves no serious doubt that the plea was voluntary and that the only deficiency was the formality of the questions asked by the sentencing court.

If in fact defendant was told he would receive probation or a maximum six-year sentence, he was clearly advised by someone other than his attorney, the United States Attorney, or the trial judge. That there is no honor among thieves is not grounds for relief under 28 U.S.C. § 2255.

Defendant has not demonstrated prejudice by the technical deviations from Rule

11 procedures occurring almost ten years ago. The Supreme Court has recently reaffirmed its holding of *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), that "[absent] a fundamental defect which inherently results in a complete miscarriage of justice," technical violations of Rule 11 will not support a collateral attack on a guilty plea. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). *See also United States v. Sisneros*, 599 F.2d 946 (10th Cir. 1979).

The judgment of the district court is affirmed. The mandate shall issue forthwith.