UNITED STATES of America,
Plaintiff/Appellee,

v.

Kenneth PETITTO,
Defendant/Appellant.

No. 84–5277.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 1985.

Decided July 30, 1985.

As Amended Oct. 8, 1985.

John Gordon, Los Angeles, Cal., for plaintiff/appellee.

Stanley I. Greenberg, Los Angeles, Cal., for defendant/appellant.

Before HUG and BOOCHEVER, Circuit Judges, and SOLOMON,* District Judge.

BOOCHEVER, Circuit Judge:

Petitto pled guilty to two drug trafficking counts. At sentencing, Petitto challenged the accuracy of information in the presentence report. The court allowed Petitto to comment on the report, and ordered the government to corroborate some of the information, but did not hold an evidentiary hearing. The court also failed to make explicit findings about the disputed matter and attach them to the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D). Petitto appeals his sentence, asserting that the court abused its discretion in not holding a hearing and erred in not making the required explicit findings. Because the district court erred in failing to make explicit findings under rule 32(c)(3)(D), we reverse and remand. For reasons explained below, we do not rule on the hearing question.

## FACTS

Petitto pled guilty to one count of conspiracy to possess and distribute cocaine, and two counts of possession of cocaine with intent to distribute.

At the plea proceedings, Petitto admitted to the judge that he had twice accompanied codefendants on trips from Massachusetts to Florida to purchase cocaine, although he asserted that on one of the trips no purchase actually occurred. He also admitted engaging in contrived real estate transactions with a codefendant to launder drug profits. He denied, however, the government's assertion that he had made more than two trips and that he had received and distributed cocaine on at least twenty occa-

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

sions. According to Petitto, the two trips were the extent of his involvement. He never actually handled the cocaine and he voluntarily withdrew from the conspiracy.

At the sentencing proceeding, after dismissing one of the possession counts, the court allowed the defense to comment on the presentence report. Petitto again disputed the government's assertion, repeated in the presentence report, that he had made more than two trips or that he had received cocaine to distribute. The court asked the government to provide more information on that point, and continued the sentencing.

At the second sentencing hearing, the court allowed comment by both the prosecution and the defense on the supplementary materials submitted, which included transcripts of grand jury testimony and DEA reports. The dispute over the number of trips was apparently resolved, both sides agreeing that Petitto only went to Florida twice. The twenty occasions referred to in the report were not trips to Florida, but were incidents in Massachusetts when, according to Pamela Richards, a government grand jury witness, Petitto received amounts of cocaine which he then divided up and distributed. Petitto again flatly denied participating in cutting and distribution, although he admitted that he was aware of it.

Counsel for Petitto then stated that if the court were going to rely on the disputed allegations, the defense wanted an evidentiary hearing under rule 32; if the court were going to disregard them, the defense would not request one. In response, the court did not explicitly state whether it was relying on the disputed information:

> THE COURT: I'm a little puzzled, Mr. Greenberg, why you had Mr. Petitto plead guilty in this case. If you wanted to try it, you should have had a trial. To try to get a trial in this fashion seems to me to be inappropriate.
>
> There being no legal cause why sentence should not now be imposed, and the Court having heard from the defendant and his counsel; the defendant and his counsel having informed the Court they have read the presentence report together with the supplemental material submitted therewith, and bearing in mind the statements made by Mr. Greenberg, counsel on behalf of Mr. Petitto, and raising the question as to the reliability of the testimony of Pamela Richards, and the accuracy of the DEA report, it is hereby adjudged that on Count 1, the defendant is sentenced....

## I. FAILURE TO MAKE EXPLICIT FINDINGS AND ATTACH THEM TO THE PRESENTENCE REPORT

Rule 32(c)(3)(D) provides:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

This entirely new subsection was added to rule 32 in 1983 to "ensure that a record is made as to exactly what resolution occurred as to controverted matter," and that "this record comes to the attention of the Bureau [of Prisons] or [the Parole] Commission when these agencies utilize the presentence report." Notes of Advisory Committee on Rules, *reprinted in* 18 U.S.C.A. following Rule 32 (West Supp.1985). Both the language of the rule and the Advisory Committee notes indicate that making and attaching findings to the presentence report is mandatory.

In this case, Petitto alleged *factual inaccuracies* in the report but the trial court made no explicit findings as to each

matter controverted. We have previously held that strict compliance with rule 32(c)(3)(D) is required, and that failure to comply must result in remand. *United States v. Travis,* 735 F.2d 1129, 1132–33 (9th Cir.1984). *Travis* reached this result even though it appeared from the record that the district court had not in fact considered the controverted matters in sentencing. *Id.* Thus although the due process sentencing standards discussed in Part II of this opinion were satisfied, rule 32 still required a remand. We agree with *Travis,* for the primary purpose of rule 32(c)(3)(D) is to ensure that the presentence report used by the Bureau of Prisons and the Parole Board be as accurate as possible. Unless the court makes explicit findings and attached them to the report, even if it finds a challenged allegation in the presentence report untrue, and does not rely on it for sentencing, prison or parole officials may subsequently receive the uncorrected report and rely on the false allegation in correctional or parole decisions. That possibility is precisely what rule 32(c)(3)(D) seeks to prevent. Notes of Advisory Committee on Rules, *supra; United States v. Velasquez,* 748 F.2d 972, 974 (5th Cir.1984).

■ Moreover, another function of rule 32(c)(3)(D), "to ensure that a record is made as to exactly what resolution occurred as to controverted matter," requires strict enforcement of the written record provision. Rule 32(c)(3)(D) attempts to eliminate uncertainty when, as on appeal, it is necessary to determine what information the trial court relied on in sentencing. *Cf. United States v. Scalzo,* 716 F.2d 463, 468 (7th Cir.1983) (emphasizing the importance on appeal of written trial court findings about reliance on presentence report information not disclosed pursuant to 32(c)(3)(B) ). As we explain below, for example, a clear record as to what information the sentencing court relied upon is crucial to deciding whether the court abused its discretion in not granting an evidentiary hearing.

■ We also note that the one other circuit which has thus far ruled on this point reached the same result as *Travis. Velasquez,* 748 F.2d at 974–75; *see also United States v. Satterfield,* 743 F.2d 827, 840–41 (11th Cir.1984) (in discussing protection afforded to defendant by rule 32(c)(3)(D) in context of challenge to constitutionality of the Victim and Witness Protection Act, court stated that 32(c)(3)(D) requires factual finding on record). We therefore hold that failure to make written record of findings on disputed allegations in the presentence report and to append them to the report must result in a remand for resentencing. The written record requirement may be fulfilled either by making written findings and attaching them to the presentence report, or by making explicit or oral findings and ordering a copy of the transcript thereof to be attached to the presentence report.

## II. DENIAL OF AN EVIDENTIARY HEARING

Fed.R.Crim.P. 32(c)(3)(A) provides:

At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation.... The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

To promote accuracy, rule 32 was amended to permit the defendant to read and to challenge the presentence report. Notes of Advisory Committee on Rules, *supra.* The presentence report is used not only in determining the initial sentence, but also by prison officials in classifying defendant's inmate status, and by parole officers in making parole decisions. *Id.; see United States v. Charmer Industries, Inc.,* 711 F.2d 1164, 1170 (2d Cir.1983). Thus inaccurate statements in the report may affect the defendant's sentence, the conditions of

his confinement, and the date and terms of his parole.

Even before the promulgation of rule 32(c)(3)(A) in its present form, due process considerations required that the trial court not base a sentence on materially untrue information about the defendant's background. *Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *see United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Background information relied on by the judge must be supported by some minimum factual basis. *See United States v. Weston*, 448 F.2d 626, 633–34 (9th Cir.1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). If the defendant raises the possibility of reliance on misinformation in the report, the court must provide an opportunity to rebut the report. Due process does not require an evidentiary hearing, however, on all challenged information in the presentence report. *Farrow v. United States*, 580 F.2d 1339, 1359–60 (9th Cir.1978) (en banc). At the court's discretion this opportunity to rebut could be granted by allowing defendant and his counsel to comment on the report or to submit affidavits or other documents, or by holding an evidentiary hearing. *United States v. Robin*, 545 F.2d 775, 779 (2d Cir.1976).

This discretionary standard for rebuttal by evidentiary hearing or affidavits has been carried over in rule 32(c)(3)(A); thus although pre-rule cases are not controlling it is appropriate to look to them for guidance as to what constitutes an abuse of discretion under the rule. We have held that a trial court abused its discretion when it explicitly accepted challenged information as conclusive without affording defendant an opportunity either to introduce documents or testimony to rebut. *United States v. Williams*, 668 F.2d 1064, 1072 & n. 21 (9th Cir.1982). On the other hand, we indicated in a pre-rule case that it was not an abuse of discretion to sentence defendant without an evidentiary hearing if the judge had been presented verbally with defendant's version of the challenged facts and on the record neither accepted nor rejected the prosecution's version. *Farrow*, 580 F.2d at 1359–60. Thus in the past we have been willing to infer from the trial court's silence or from skeptical comments about the prosecution's evidence that the court had not relied on that evidence in sentencing. The validity of this practice has been undermined by the rule 32(c)(3)(D) requirement of a written record of findings. As we have indicated in Part I of this opinion, trial courts must now state on the record whether they have relied on disputed information, and we may not approve sentencing procedures which do not comply with this rule.

Because the trial court did not comply with rule 32(c)(3)(D) at Petitto's sentencing, we are unable to determine the extent to which the court relied on the disputed material. Obviously if the court did not rely on the disputed facts in imposing sentence on Petitto, no hearing was necessary. If, on the other hand, those facts were an important consideration in determining the sentence, the manner and extent of defendant's opportunity to respond becomes more significant. As we indicated above, a resentencing is required in this case because of the failure to make a written record of findings. During the resentencing procedure the court may decide whether any additional opportunity to respond is required, and by what means.

The decision of the district court is reversed and remanded for proceedings not inconsistent with this opinion.

**REVERSED and REMANDED.**