UNITED STATES of America,
Plaintiff–Appellee,

v.

Ken GATTAS, Defendant–Appellant.

No. 87–2193.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 1988.

Alan Ellis, Philadelphia, Pa. (Peter Goldberger, Philadelphia, Pa., and Randi McGinn, Albuquerque, N.M., with him on the briefs), for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This is an appeal from an order by the United States District Court for the District of New Mexico denying petitioner's motion to have his sentence vacated pursuant to 28 U.S.C. § 2255.

In 1985, the district court convicted petitioner, Ken Gattas, of conspiracy to possess cocaine with intent to distribute, on his plea of guilty. Before sentencing, petitioner's trial counsel objected to certain statements in the Presentence Investigation Re-

that both prongs—reasonableness *and* good faith—be met.

port (PSI). The district judge orally disclaimed any reliance on those disputed statements[1] and sentenced petitioner to ten years in prison.

Petitioner subsequently filed a notice of direct appeal with this court claiming, among other things, that the district court had failed to comply with Rule 32 of the Federal Rules of Criminal Procedure in considering alleged errors in the PSI. About two months later, petitioner, represented by counsel, moved to withdraw that appeal, and we granted the motion.

Almost two years after being sentenced, petitioner, with new counsel, filed with the district court a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He claimed that the district court had failed to comply with the second sentence of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, which requires a sentencing court to make a written record of its resolution of contested matters concerning the presentence report and to attach the record to the report.[2] The district court denied the motion and petitioner has appealed to this court.

The government concedes, and we agree, that the district court failed to comply with the requirements in the second sentence of Rule 32(c)(3)(D). Although the district judge orally announced, in compliance with the first part of Rule 32(c)(3)(D), that he would not rely on any of the disputed factual statements contained in the PSI, he failed to make a written statement of such nonreliance and to attach it to the PSI, as required by the second sentence of Rule 32(c)(3)(D). The central question in this appeal is the appropriate remedy for this violation.

■ Initially, we must decide whether we have jurisdiction to remedy the violation. Petitioner challenges the district court's failure to comply with Rule 32(c)(3)(D) under 28 U.S.C. § 2255.[3] Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

We agree with petitioner that Section 2255 is a proper vehicle for remedying the violation of Rule 32(c)(3)(D) in this case. In order for petitioner to maintain a collateral attack on his sentence under Section 2255, he must show either "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d

---

**1.** At the time of sentencing the district court stated to defense counsel: "[T]he matters that you've alluded to in that particular motion and memorandum are not considered by the Court in reaching its sentence in this case."

**2.** Rule 32(c)(3)(D) provides:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. *A written record of such findings and determinations shall be appended to and accompany any copy of the presentence inves-*

*tigation report thereafter made available to the Bureau of Prisons or the Parole Commission.* Fed.R.Crim.P. 32(c)(3)(D) (emphasis added).

**3.** A number of courts have held that violations of Rule 32(c)(3)(D) may be raised pursuant to the pre–1987 version of Rule 35 of the Federal Rules of Criminal Procedure, which provided for challenges to sentences "imposed in an illegal manner." *See, e.g., United States v. Katzin,* 824 F.2d 234, 237–38 (3d Cir.1987); *United States v. Santamaria,* 788 F.2d 824, 828–29 (1st Cir.1986); *United States v. Castillo–Roman,* 774 F.2d 1280, 1284–85 (5th Cir.1985). Petitioner here may not rely on that rule because until 1987 it required any challenges based upon an allegation that the sentence was imposed in an illegal manner to be raised within 120 days after the sentence was imposed. That deadline long passed before petitioner raised his current claim.

417 (1962) (Section 2255 relief was not appropriate where the petitioner alleged a violation of the formal requirements of Rule 32(a) of the Federal Rules of Criminal Procedure as a result of the sentencing court's failure affirmatively to invite the defendant to make a statement and present information of mitigation before imposing sentence). Mere "technical" violations of rules of procedure will not support a claim under Section 2255. *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *United States v. Shepherd*, 618 F.2d 702 (10th Cir.1980).

Although the requirement in the second part of Rule 32(c)(3)(D) that the sentencing court attach a record of its resolution of contested matters concerning the presentence report is ministerial in nature, we believe that the requirement is a significant enough part of the sentencing process to support an action under Section 2255. The Advisory Committee's comments to Rule 32(c)(3)(D) recognize that "the Bureau of Prisons and Parole Commission make substantial use of the presentence report." 97 F.R.D. 245, 308. In fact, after a defendant is sentenced, the presentence report becomes "the central document in the correctional process." Fennel & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1628 (1980). For example, the report may have an important influence on a defendant's classification in a prison, his ability to obtain furloughs, the treatment programs provided to him, and his parole determinations. *Id.* at 1679–80. Thus, transmission of an accurate presentence report, which includes a written record of the sentencing judge's resolution of contested matters in the report, is vitally important to the post-sentencing lives of criminal defendants.

Several cases in other circuits have held or suggested that a violation of the first sentence of Rule 32(c)(3)(D) is sufficiently fundamental to support an action under Section 2255. *See United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir.1988); *United States v. Fischer*, 821 F.2d 557, 558–9 (11th Cir.1987); *Poor Thunder v. United States*, 810 F.2d 817, 821–23 (8th Cir.1987). *But see Johnson v. United States*, 805 F.2d 1284 (7th Cir.1986).[4] We see no reason to allow jurisdiction for violations of the first sentence of Rule 32(c)(3)(D) and not to allow jurisdiction for violations of the second sentence of the rule. As the Advisory Committee's comments on Rule 32(c)(3)(D) emphasize, the two parts of Rule 32(c)(3)(D) are bound together—the first part of the rule is designed to protect defendants' due process rights by ensuring that they are sentenced based on accurate information while the second part of the rule is designed to ensure that a clear record of the resolution of controverted facts is provided to those who may rely on the report. 97 F.R.D. at 308. The second part of the rule thus serves as an important supplement to the first part of the rule by protecting defendants against post-sentencing prejudice because of errors in the PSI. *See United States v. Santamaria*, 788 F.2d 824, 829 (1st Cir.1986); *United States v. Petitto*, 767 F.2d 607, 610 (9th Cir.1985). Therefore, we conclude that jurisdiction under Section 2255 is appropriate to correct violations of the second part, as well as the first part, of Rule 32(c)(3)(D).

The government argues that petitioner waived his right to collaterally attack the Rule 32(c)(3)(D) violation because he failed to appeal the issue directly. We

---

**4.** *See also United States v. Smith*, 844 F.2d 203 (5th Cir.1988), which suggests that a violation of Rule 32(c)(3)(D) which could be raised on direct appeal or pursuant to Rule 35 may not be raised under Section 2255. That case is distinguishable because there the district court had failed to make any findings or a determination that it would not rely on disputed information in the presentence report. Therefore, the error should have been apparent to the defendant in that case at the time of sentencing and, thus, he could have raised it on direct appeal or within the time limitation of Rule 35. Here, however, the sentencing judge explicitly stated that he would not rely on the disputed information. The error, which consists of the judge's failure to attach this statement to the presentence report and forward it to the appropriate authorities, was not reasonably discoverable by petitioner until long after the time for a direct appeal or a Rule 35 motion had expired.

disagree. The government is correct in contending that the failure by a defendant to raise a nonconstitutional issue on direct appeal when he was able to do so ordinarily will bar collateral review of that issue under Section 2255. *See United States v. Smith,* 844 F.2d 203, 207 (5th Cir.1988); *United States v. Craig,* 827 F.2d 393, 394 (8th Cir.1987). But here, petitioner contends that he did not know, and could not reasonably have known, of the violation until long after sentencing. We agree with petitioner because, unlike violations of the first part of Rule 32(c)(3)(D) which are obvious at the time of sentencing, violations of the second part of the rule, which requires attachment of the judge's determination to the PSI, may not reasonably be discovered until long after sentencing, such as when the defendant has a parole hearing. Therefore, we conclude, as the Seventh Circuit did in response to a similar waiver argument, that petitioner had "good cause" for failing to appeal the violation directly. *See Kramer v. United States,* 788 F.2d 1229, 1231 (7th Cir.1986).

■ We now turn to the appropriate remedy for a violation of the second sentence of Rule 32(c)(3)(D). Petitioner claims that he is entitled to resentencing. We disagree. Resentencing is an appropriate remedy for a violation of Rule 32(c)(3)(D) only when the sentencing judge may in fact have relied on disputed facts in the PSI without conducting a hearing on the truth of such facts. *See United States v. Peterman,* 841 F.2d 1474, 1483 (10th Cir.1988), where, on direct appeal, this court remanded for resentencing because the sentencing court had not made any findings or determination of nonreliance on disputed facts in the PSI as required by Rule 32(c)(3)(D). When the record reveals that the sentenc-

ing court did not rely on the disputed facts or that the sentencing court resolved the dispute against the defendant, and when the alleged violation of Rule 32(c)(3)(D) relates only to the failure of the sentencing court to attach the proper record to the PSI documenting its resolution or its disregard of the disputed facts, then the proper remedy is merely to remand for attachment of the proper record to the PSI. *United States v. Golightly,* 811 F.2d 1366, 1368 (10th Cir.1987) (remanded "for production of an adequate written record that comports with the requirements of Rule 32(c)(3)(D)").

We previously have addressed this distinction between the first and second sentences of Rule 32(c)(3)(D) in *United States v. Corral,* 823 F.2d 1389 (10th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 2820, 100 L.Ed.2d 921 (1988). In that case the defendant argued that because the trial judge had not fully complied with Rule 32(c)(3)(D), resentencing was required. This court rejected that argument. We noted that the trial judge, as in the instant case, had stated on the record that he was not considering the disputed matters in making his sentencing determination. Nevertheless, this court found that the judge had not totally complied with the rule because he had not appended to the PSI a written record of his determination. We held that the appropriate remedy for that violation was a "remand with directions that the trial court cause its determination that it did not consider the challenged allegations in imposing sentence to be appended, in a written order, to the pre-sentence investigation report." *Id.* at 1394.[5]

Accordingly, we REVERSE the district court's decision that petitioner does not have a valid Section 2255 claim, and we

---

5. *See also United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.1987) ("no more is required than a remand"); *United States v. Santamaria,* 788 F.2d 824, 829 (1st Cir.1986) (a remand for attachment of the determination to the report is sufficient); *United States v. Eschweiler,* 782 F.2d 1385, 1390 (7th Cir.1986) ("requiring resentencing when the record is clear that the sentencing judge did not rely on a contested matter does not further the purpose of Rule 32(c)(3)(D)"); *United States v. Castillo–Roman,* 774 F.2d 1280, 1285 (5th Cir.1985). *But cf. United States v. Petitto,* 767 F.2d 607 (9th Cir.1985), which suggests that resentencing may be required for any violation of Rule 32(c)(3)(D). However, in *Petitto,* unlike in the instant case, the sentencing court did not explicitly state whether it was relying on the disputed information. *Id.* at 609. Therefore, the court in *Petitto* could not determine from the record whether there had been compliance with the first sentence of Rule 32(c)(3)(D). *Id.* at 611.

REMAND to the district court for it to prepare a written record of its nonreliance on the disputed matters in the PSI and to send the record to the appropriate authorities for attachment to the PSI.[6]

REVERSED AND REMANDED.

---

**6.** Petitioner also appeals from the refusal of the court below to hold a hearing on his claim that his trial counsel was ineffective in failing to challenge and appeal the failure of the sentencing judge to attach a written finding to the PSI. We need not reach that issue because, even if defendant's counsel was ineffective in this re-

gard, the Rule 32 violation will be corrected on remand.