959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Craig William MCLACHLAN, Movant-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-4154.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Craig William McLachlan appeals the district court's dismissal of his collateral attack on his fifteen-year sentence for various drug-related offenses. Mr. McLachlan argues the district court should have granted him an evidentiary hearing to consider numerous alleged errors contained in his presentence report. We affirm.
 
 
 2
 In February, 1991, Mr. McLachlan filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. McLachlan requested the court correct twenty-one alleged errors contained in the presentence report furnished to the court prior to his sentencing on March 11, 1987. This case was referred to a Magistrate Judge who recommended, in a twenty-seven page Report and Recommendation, that Mr. McLachlan's § 2255 motion be dismissed.
 
 
 3
 In addition to a de novo review of all matters objected to by Mr. McLachlan, the district court reviewed de novo all materials contained in Mr. McLachlan's file. The court followed the recommendation of the Magistrate Judge and dismissed Mr. McLachlan's § 2255 motion. The court found the Magistrate Judge had thoroughly and accurately reviewed the law and the facts relating to the motion, and the court fully agreed with the conclusions reached by the Magistrate Judge.
 
 
 4
 We also believe the Magistrate Judge correctly analyzed the relevant case law and facts pertinent to Mr. McLachlan's § 2255 motion. Further, considering the complete review made by the Magistrate Judge in his Report and Recommendation, we find further discussion of the issues raised by Mr. McLachlan to be inutile.
 
 
 5
 We feel compelled, however, to address Mr. McLachlan's continued, misplaced reliance upon United States v. Gattas, 862 F.2d 1432 (10th Cir.1988). The decision in Gattas does not articulate new law. By 1988, it was established that the failure to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown. United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988); United States v. Dunham, 767 F.2d 1395 (9th Cir.1985); Bumgarner v. United States, 758 F.2d 1292 (8th Cir.1985); United States v. Griffin, 765 F.2d 677 (7th Cir.1985); United States v. Hanyard, 762 F.2d 1226 (5th Cir.1985).
 
 
 6
 In Gattas, we recognized good cause may be established by showing the error could not reasonably be discovered until long after sentencing. 862 F.2d at 1435. We specifically noted, however, that failure of the district court to comply with Rule 32 by either making a finding as to the alleged factual inaccuracy in the presentence report or making a determination that no such finding is necessary because the controverted matter will not be taken into account in sentencing is an error which should have been apparent to the defendant at the time of sentencing. Id. at 1434 n. 4. As such, defendant could have raised the issue on direct appeal or within the time limitation of Rule 35, and his failure to do so bars his § 2255 relief. Id.
 
 
 7
 In the present case, the failure of the trial court to address the alleged errors in the presentence report should have been apparent to Mr. McLachlan at the time of sentencing. At the latest, he should have been aware of any violation of Rule 32 at the time he filed his direct appeal. Because Mr. McLachlan has failed to show good cause, we agree he is barred from raising this issue in the instant motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3