982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paulette KINGSTON, Defendant-Appellant.
 No. 92-6269.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from the denial of a motion filed by defendant under 28 U.S.C. § 2255 asserting the sentencing court erred in the application of sentencing guidelines. Although defendant appealed her conviction, she failed to raise these issues in her direct appeal.
 
 
 3
 We have held the failure to raise a nonconstitutional issue on direct appeal when the defendant was able to do so ordinarily will bar collateral review of that issue under § 2255. United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988). We have also held § 2255 cannot be used to test the legality of matters which should have been raised on appeal. United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error. United States v. Frady, 456 U.S. 152, 167-68 (1982).
 
 
 4
 Defendant argues our holding in United States v. Saucedo, 950 F.2d 1508 (10th Cir.1991), obviates this result. Saucedo is not in point. In that case, a defendant did not exercise his right to direct appeal, but filed a § 2255 motion some time after his sentence. The district court granted the motion, holding, in part, that the defendant was denied effective assistance of counsel because he was never advised of his right to appeal. The district court then vacated the original sentence and resentenced the defendant, using the same sentencing criteria applied to the original sentence. Defendant then appealed for the first time. We held it was the second sentence that was before us in the appeal. That is not the situation in this case because Ms. Kingston has already had one appeal in which she could have raised the issues presented in her post-conviction motion.
 
 
 5
 Since defendant has failed to establish the cause of her failure to raise the sentencing issues in her direct appeal, we will not hear those issues now. The district court's denial of the § 2255 motion is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3