980 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Guy S. ALESSI, Defendant-Appellant.
 No. 92-6289.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 16, 1992
Decided: December 7, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-86-639-HM)
 Fred Warren Bennett, Federal Public Defender, Anthony R. Gallagher, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, E. Thomas Roberts, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed in part and remanded in part.
 Before WIDENER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Guy S. Alessi appeals from the order of the district court denying relief on his motion to correct his presentence report. We affirm in part and remand in part with instructions.
 
 
 2
 Alessi pled guilty to violating 18 U.S.C. § 371 (1988). At his sentencing hearing he challenged certain statements in the presentence report; in particular, he objected to allegations that he had substantial ties to organized crime and other illegal activities. Though the district court made some minor factual corrections, it declined to modify the other challenged material. However, the judge explicitly stated that the challenged material would not be relied upon in sentencing. Alessi was sentenced to five years in prison. He did not appeal from his conviction or sentence.
 
 
 3
 More than five months after his sentencing Alessi filed with the district court a motion to correct the presentence report. This motion relied upon Fed. R. Crim. P. 35 and 28 U.S.C. § 2255 (1988) and contended that the district court had failed to rule on the disputed facts or append to the presentence report a statement disclaiming reliance on the disputed facts. Alessi contended that the challenged facts were having an adverse impact on prison officials' decisions concerning placement and other matters. Alessi requested that the court resolve the factual disputes or, "in the alternative," append the required written statement. The court declined to rule on the disputed facts and reiterated its prior oral rulings that it did not rely on the disputed information. Though the court denied Alessi's motion, it did in its order explicitly disclaim any reliance on the disputed facts. Alessi filed a timely notice of appeal.
 
 
 4
 Though this Court has previously held that violations of Fed. R. Crim. P. 32(c)(3)(D) that were not raised on direct appeal will not be considered on subsequent attacks, United States v. Emmanuel, 869 F.2d 795, 796 (4th Cir. 1989), we have allowed an exception where the alleged error is failure to append findings regarding disputed facts, United States v. Miller, 871 F.2d 488 (4th Cir. 1989) (per curiam); see Shukwit v. United States, 973 F.2d 903, 905 (11th Cir. 1992) (per curiam); United States v. Gattas, 862 F.2d 1432, 1434 n.4 (10th Cir. 1988).*
 
 
 5
 Alessi argues that even though the district court declined to rely on the disputed information, his rights were violated when the information was relied upon to his detriment in subsequent prison administrative decisions. This claim was likewise not raised on appeal; however, because this claim relates to prison officials' actions subsequent to sentencing, rather than to the sentencing itself, Alessi most likely could not have raised it on appeal.
 
 
 6
 Though Alessi cannot require the court to rule on factual disputes, if prison or parole officials rely on contested information to the prisoner's detriment, he may ultimately be able to challenge that action in court. See United States v. Funt, 896 F.2d 1288, 1301 (11th Cir. 1990). However, before doing so he must exhaust his administrative remedies with the appropriate authorities. Id.; United States v. Legrano, 659 F.2d 17, 18 (4th Cir. 1981). The record does not reveal that Alessi has taken these steps.
 
 
 7
 Accordingly, we affirm in part as to the denial of relief, though we do so without prejudice to Alessi's right to seek further review after exhausting his administrative remedies. However, it appears from the record that a copy of the district court's order disclaiming reliance on the disputed material was not appended to the presentence report and forwarded to the appropriate officials as required by Rule 32(c)(3)(D). Therefore, we remand in part with instructions that the district court forward a copy of its order to the Bureau of Prisons and the Parole Commission in accordance with the rule. See Miller, 871 F.2d at 490; Gattas, 862 F.2d at 1434-36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND REMANDED IN PART
 
 
 *
 Though Alessi also relied on prior Rule 35, relief was not available under that rule because the request was not filed within 120 days of sentencing. See Fed. R. Crim. P. 35(b) (applicable to offenses committed before November 1, 1987)