986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rochelle LUCAS, Defendant-Appellant.
 No. 92-1263.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant-appellant Rochelle Lucas appeals from an order denying her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant contends that she was improperly sentenced under the sentencing guidelines. Because we conclude that defendant failed to raise this issue below or on direct appeal from her conviction, we affirm the order denying her motion.
 
 
 6
 Defendant pled guilty to possessing with intent to distribute over fifty grams of crack cocaine. She was sentenced to a 151-month prison term based in part on the score the sentencing court gave her criminal history under the sentencing guidelines. She filed a direct appeal from the conviction, but did not challenge her sentence. She then filed a § 2255 motion raising the following issue: "I recieved [sic] the maximum time with a plea agreement. To my understanding under the plea agreement 0 months to 151 months was my sentencing range. I understood I would fall somewhere in the middle of that range. At the courts [sic] discretion, will you reconsider my sentence of 151 months?" R.Vol. 1, doc. 1 at 6. In her memorandum in support of her motion she argued,
 
 
 7
 Her only previous criminal history deals with misdemeanors (specifically prostitution) and she does not understand, or agree, with placing her in a level 3 Criminal History Category for sentencing purposes. The criminal history category does not correctly reflect the fact that she has no 'felony' convictions, and the number of misdemeanors does not equate to what a level 3 criminal history would indicate.
 
 
 8
 Id., doc. 6 at 3. The district court denied the motion, inter alia, because defendant failed to raise the sentencing issue in her direct appeal and did not show good cause for the default.
 
 
 9
 Defendant contends that her thirteen prostitution convictions should have been considered merged for purposes of scoring her criminal history because the incidents occurred within a short time period and were part of a plan to prostitute herself to obtain money to support her drug addiction. She did not raise this precise argument in the district court. An appellate court will not consider issues raised for the first time on appeal. United States v. Perez, 955 F.2d 34, 36 (10th Cir.1992).
 
 
 10
 Even if we liberally construed defendant's motion and memorandum to have raised this issue before the district court, the government argues that relief should be denied because defendant did not raise the issue on direct appeal from her conviction. Section 2255 cannot be used to test the legality of matters that should have been raised on appeal. "The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown." United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988); see also United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988).
 
 
 11
 The proper standard for determining whether an issue can be raised for the first time in a § 2255 motion is the "cause and prejudice" test. United States v. Frady, 456 U.S. 152, 167 (1982). A defendant must show both cause excusing the procedural default, and actual prejudice resulting from the error. Id. at 168. To establish cause, there must be a showing of some external impediment preventing a claim from being raised. See Murray v. Carrier, 477 U.S. 478, 492 (1986). Ignorance or inadvertence does not constitute cause, nor does failure to recognize the factual or legal basis for a claim. Id. at 486-87.
 
 
 12
 Defendant claims she did not raise the issue previously because she was told by an unidentified source that she was not "eligible" to appeal her sentence under any rule other than § 2255, and because she had no knowledge of the criminal law. However, defendant was represented by counsel in her direct appeal from her conviction. Thus, defendant's alleged misunderstanding that she could only raise the issue pursuant to § 2255 is no excuse for not raising the issue on direct appeal. We conclude that defendant failed to show cause for not raising the issue on direct appeal. Her § 2255 attack is foreclosed.
 
 
 13
 Defendant's motion to proceed in forma pauperis is GRANTED.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 15
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3