F I L E D
United States Court of Appeals
Tenth Circuit

JUL 29 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

THOMAS ALLEN RUSSELL,

Petitioner-Appellant.

No. 96-7106
(D.C. No. 95-CV-332-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[1]

Before **BRORBY, EBEL,** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[1] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In November 1990, Mr. Thomas Allen Russell was convicted of conspiracy to possess with intent to distribute and to districute methamphetamine; distribution of methamphetamine; and using a communications facility to facilitate the distribution of methamphetamine. On July 14, 1995, Mr. Russell filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (1994).[1] Mr. Russell argued he was denied his constitutional right to effective assistance of counsel at sentencing by his counsel's failure (1) to interview witnesses and present evidence of his withdrawal from the methamphetamine conspiracy in the summer of 1988 and (2) to request a downward departure for his minor role in the conspiracy. Mr. Russell also asserted his sentence was in violation of the laws of the United States and his right to due process because the sentencing court erroneously included in the calculation of his sentence one pound of methamphetamine delivered to his coconspirators after his withdrawal from the conspiracy; applied the sentencing guidelines applicable to d- rather than l-methamphetamine, in violation of the rule of lenity; and concluded he was subject to a ten

---

[1] Mr. Russell filed his original motion pursuant to § 2255 on July 14, 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, April 24, 1996. In *Lindh v. Murphy*, ___ U.S. ___, ___, No. 96-6298, 1997 WL 338568, *4-8 (U.S. June 23, 1997), the Supreme Court recently held the Act's amendments to Chapter 153 of Title 28, including the amendments to 28 U.S.C. §§ 2253-2255, did not apply to noncapital cases pending on the effective date. Therefore, Mr. Russell's application for a certificate of appealability pursuant to the amended § 2253 is dismissed.

year mandatory minimum sentence. On July 2, 1996, the district court denied Mr. Russell's motion.

Mr. Russell now appeals the district court's denial of his § 2255 motion. In his opening brief, Mr. Russell contends (1) his trial counsel was ineffective in failing to raise the issue at sentencing of whether the methamphetamine in question was d- or l-methamphetamine and (2) the district court failed to make any specific findings or determinations at to the type of methamphetamine. In his Motion for Leave to Proceed on Appeal Without Prepayment of Costs and Fees and for Appointment of Counsel, filed prior to his opening brief, Mr. Russell reiterates the contentions raised in his original § 2255 motion. However, failure to raise issues in the opening brief waives the issues. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994); *see also Pino v. Higgs*, 75 F.3d 1461, 1463 (10th Cir. 1996) (issues raised in preliminary docketing statement but not argued in opening brief are waived). Although we construe *pro se* pleadings liberally, "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995); *see also Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1081 n.1 (5th Cir. 1991) (pro se prisoner's failure to properly raise issue on appeal resulted in waiver of that claim). Accordingly, we only consider issues raised in Mr.

Russell's opening brief and not issues found in his Motion for Leave to Proceed on Appeal Without Prepayment of Costs and Fees and for Appointment of Counsel.

Under a liberal reading of Mr. Russell's opening brief, he arguably presents two issues: ineffective assistance of counsel related to the type of methamphetamine, and the district court erred in sentencing him based on d- rather than l-methamphetamine. To the extent Mr. Russell argues his counsel was ineffective at sentencing in failing to raise the issue concerning type of methamphetamine, Mr. Russell raises a new claim on appeal, not raised in his original § 2255 motion in the district court. In general, we will not consider an issue on appeal that was not raised in the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Although the court will address new issues on appeal where the jurisdiction of the court or sovereign immunity are raised or where clear injustice might otherwise result, this case presents none of these exceptions. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). Accordingly, we will not review Mr. Russell's claim his trial counsel provided ineffective assistance by failing to address the type of methampheetamine at sentencing.

Mr. Russell's remaining claim on appeal is whether the district court erred in sentencing him based on d- rather than l-methamphetamine. On direct appeal, Mr. Russell did not challenge the type of methamphetamine used by the district court in

sentencing. *See United States v. Russell*, 963 F.2d 1320, 1321 (10th Cir.), *cert. denied*, 506 U.S. 898 (1992). He raised sufficiency of the evidence questions regarding (1) his conspiracy conviction and (2) whether he was a member of the conspiracy in 1990 for sentencing purposes. *Id*. at 1322-23.

In general, § 2255 is not available to test the legality of matters that should have been raised on direct appeal. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Thus, "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *Id*. "A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel." *Id*. Cause may also be shown if the defendant did not know, and could not reasonably have known, of the error until long after sentencing. *United States v. Gattas*, 862 F.2d 1432, 1435 (10th Cir. 1988).

As noted above, Mr. Russell did not raise his allegation of ineffective assistance of counsel regarding the type of methamphetamine used at sentencing in his original motion in the district court. In addition, Mr. Russell has failed to show he did not know, or could not reasonably have known of the error until long after sentencing. As Mr. Russell

5

himself pointed out in his reply to the government's response to his § 2255 motion, "there was no reason for [his] attorney not to object" to the presentence report's use of d- rather than l-methamphetamine. Likewise, there is no reason, either obvious from the record or given by Mr. Russell, why Mr. Russell did not raise this issue on direct appeal. As such, he cannot establish cause for failing to raise this issue on direct appeal, nor has he shown a fundamental miscarriage of justice will result if this claim is not considered. Thus, Mr. Russell's sole remaining claim is barred from review.

Based on the foregoing, Mr. Russell has failed to present any issues ripe for appellate review. Accordingly, Mr. Russell's appeal is **DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

6