**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DANNY RAY HILL,

     Defendant - Appellant.

No. 99-6332
(D.C. No. 98-CV-1027)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Danny Ray Hill, appearing pro se, requests a certificate of appealability to challenge the district court's denial of his motion to vacate his federal sentence pursuant to 28 U.S.C. § 2255. He also seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. We deny Hill's application for a certificate of appealability because he has failed to make "a substantial showing of the denial

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of a constitutional right," 28 U.S.C. § 2253(c)(2), and deny his application to proceed in forma pauperis.

Hill pleaded guilty to possession of methamphetamine with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, in exchange for the dismissal of two other methamphetamine-related counts.  See United States v. Hill, No. 97-6053, 1997 WL 687734, at **1 (10th Cir. Oct. 29, 1997).  The district court sentenced Hill to 121 months of imprisonment and five years of supervised release, based on an adjusted offense level of thirty-two.  See id.  Hill appealed, alleging the district court erred in determining the drug quantities underlying his base offense level under U.S.S.G. § 2D1.1, in applying a firearm enhancement under U.S.S.G. § 2D1.1(b)(1), and in incorrectly informing him as to the mandatory minimum sentence for his crime.  We affirmed, holding the district court did not err in determining drug quantity or Hill's possession of the firearm; that its application of United States v. Richards, 87 F.3d 1152 (10th Cir. 1996), did not violate the Due Process Clause; and that any violation of Fed. R. Crim. P. 11(c) was harmless.  See id. at **2-6.

Hill then filed the instant § 2255 motion, alleging five instances of ineffective assistance of counsel.  The district court denied the motion, noting the "substantial overlap between alleged sentencing errors raised on direct appeal and alleged errors by defense counsel raised in the current motion."  (III R. Doc.

164 at 2.) In response to Hill's request for a certificate of appealability, the district court declined to grant such a certificate, and declined to grant leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(3), finding that the appeal "is not taken in good faith." (III R. Doc. 186 at 2.)

Hill alleges six instances of ineffective assistance of counsel: 1) counsel failed to hold the government to its burden of proving drug quantity; 2) counsel failed to challenge the government's drug quantity figures by means of expert testimony at sentencing; 3) counsel failed to object to cooperating witness testimony at sentencing; 4) counsel failed to bring up an issue of a "dismissed state charge;" 5) counsel failed to argue Hill's plea agreement at sentencing and on appeal; and 6) counsel failed to file any motions for downward departure. As an initial matter, the fourth claim may not be considered on appeal, absent manifest error, because Hill failed to present it before the district court. See, e.g., Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995). We find no such error, and therefore consider, for purposes of this application for a certificate of appealability, only those claims presented to the district court.

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that such deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 690-92 (1984). "Judicial scrutiny of the adequacy of attorney performance

must be strongly deferential: '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997) (quoting Strickland, 466 U.S. at 689).

Hill's first two ineffective assistance claims pertain to the drug quantity calculations employed at sentencing. To the extent this § 2255 petition challenges the underlying merits of the drug quantity determination, it is an improper attack on our decision on direct appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989). To the extent it alleges a separate claim of deficient attorney performance, Hill offers no cognizable argument or evidence to rebut the district court's rejection of this claim. Addressing Hill's counsel's vigorous (albeit unsuccessful) drug quantity arguments on direct appeal, we found the district court's drug quantity findings were not clearly erroneous. See Hill, 1997 WL 687734, at **1-2. Hill's arguments that expert testimony or different attacks on the government's tests would so certainly have resulted in different drug quantities as to render counsel's strategy unreasonable is, as the district court noted, "fanciful." (III R. Doc. 164 at 4.)

The district court found that Hill's counsel, rather than failing to challenge the credibility of a cooperating witness at sentencing, subpoenaed the witness "and questioned him extensively at the sentencing hearing." (III R. Doc. 164 at

3.) Because Hill offers no evidence whatsoever to rebut this factual finding, he cannot make a showing of deficient attorney performance on this claim.

With respect to Hill's arguments regarding enforcement of the plea agreement, the district court cited record evidence—such as a letter to Hill from his counsel referring to potential plea withdrawal—that Hill's attorney discussed with him the possibility of plea withdrawal based on a minimum sentence less than the one contemplated by the plea agreement. Considering the strong evidence of Hill's awareness of this option and his decision not to pursue the withdrawal of his plea at his sentencing hearing, we agree with the district court that he makes no showing of deficient attorney performance in this area. Finally, as to Hill's claim of ineffective failure to pursue any downward departures, this claim is belied by the district court's discussion of the extensive mitigation evidence presented by Hill's attorney and its substantial effect on Hill's sentence.

Because Hill can make no showing that his counsel's performance was deficient, we need not inquire into the prejudice prong of the Strickland test in order to determine whether he meets the criteria of 28 U.S.C. § 2253(c)(2) for grant of a certificate of appealability. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

In addition to his ineffective assistance of counsel claims, Hill raises, on page fifteen of his application for a certificate of appealability, five additional substantive issues, under the general rubric of due process. These purported issues are merely conclusory statements unsupported by any citation to the record or legal authority. See Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir. 1994). Moreover, Hill fails to show that he did not and could not reasonably have known of these issues so as to raise them on direct appeal. See United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir. 1988). Finally, it appears from the record that Hill did not argue these issues before the district court, therefore waiving them on appeal. See Sac & Fox Nation, 47 F.3d at 1063. For these reasons, we decline to consider Hill's various due process claims.

Hill's application for a certificate of appealability is **DENIED**. Because we agree with the district court that this appeal is not taken in good faith, we also deny Hill leave to proceed in forma pauperis.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge