**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHARECE C. WASHINGTON,

    Defendant-Appellant.

No. 00-3186

(D.C. No. 00-CV-3087-DES)
(D.Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Sharece Washington seeks a certificate of appealability to appeal the district court's denial of her 28 U.S.C. § 2255 habeas corpus petition.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We deny a certificate of appealability and dismiss the appeal.

On June 14, 1999, Washington pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). She was sentenced to 41 months' imprisonment. On March 16, 2000, Washington filed a 28 U.S.C. § 2255 petition alleging five grounds of error in the computation of her sentence.

First, Washington contended her base offense level should have been set at 18 under U.S.S.G. § 2K2.1(5). The district court noted "the record clearly reveals that the defendant has one prior felony conviction for a crime of violence," and concluded that 20 was the proper base level for Washington's offense. See Doc. 53 at 2.

Second, Washington argued she should have been given a three-point reduction for acceptance of responsibility. The court explained she was given the credit but was also given a two-point enhancement for obstruction of justice, which raised the final offense level to 19 (20 - 3 + 2 = 19).     Id.

Third, Washington argued the court erred in enhancing her sentence under U.S.S.G. § 2K2.1(b)(4). The district court stated "the defendant was not given an enhancement under this section."     Id.

Washington's fourth contention is a bit unclear. She alleged "prior felony

2

convictions – cannot use once rights have been restored for defendant." Doc. 52 at 6. Under the section entitled "supporting facts" for that issue, it appears she was arguing that, even considering her total criminal history points, her base offense level should have been 20, which when combined with the three-point downward departure for accepting responsibility would result in a final offense level of 17. The district court interpreted her argument to be that it was improper to use her prior conviction to increase her base offense level under U.S.S.G. § 2K2.1(a)(4)(A). The court found "this was clearly the proper way to determine the defendant's sentence." Doc. 53 at 2.

Finally, Washington made a general argument that her sentence was excessive (indicating she "[d]id not understand the sentencing guidelines or provisions"). Doc. 52 at 6. The district court noted that modification of an imposed prison term is governed by 18 U.S.C. § 3582(c) and that "none of the grounds which provide for the modification under section 3582 are present in this case." Doc. 53 at 3.

On appeal, Washington alleges that "the court attributed [a] higher point level by using the wrong guidelines [statute]" because it did not take into account that she "had been off of parole and had civil rights restored for over (6) years at the time of her arrest for the instant offense." Brief at 2. She argues that under 18 U.S.C. § 921(a)(20), "[a] prior conviction for which a defendant has had civil

3

rights restored cannot be used to increase the offense level under the FIREARMS GUIDELINES," and that under § 2K2.1(a)(6), her base offense level should have been 14. Id. She does not contest the two-point increase for obstruction of justice and, accordingly, argues her final offense level should have been 16.

## II.

Before a certificate of appealability can issue, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Washington makes no such showing. She does not allege her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," as required by Section 2255. Rather, she argues the district court used the wrong base offense level when computing her sentence range. In general, "failure by a defendant to raise a nonconstitutional issue on direct appeal when he was able to do so ordinarily will bar collateral review of that issue under Section 2255." United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir. 1988). Washington provides no explanation as to why she did not raise this issue on direct appeal.

Washington presents a different argument than she presented to the district court in her petition. On appeal, Washington contends the district court should

have given her a base offense level of 14 under § 2K2.1(a)(6); in her petition she argued her base offense level should have been set at 18 under U.S.S.G. § 2K2.1(b)(5).  This issue need not be considered under the general rule that arguments raised for the first time on appeal are not considered.    See Scott v. Hern, 216 F.3d 897, 908 n.5 (10th Cir. 2000).

## III.

The request for a certificate of appealability is DENIED and this appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge