968 F.2d 1225
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur P. TRANAKOS, Defendant-Appellant.
 No. 91-8025.
 United States Court of Appeals, Tenth Circuit.
 July 17, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Arthur P. Tranakos appeals from the district court's denial of his Motion To Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Citing Fed.R.Crim.P. 32(c)(3)(D), he contends he is entitled to resentencing because the court which sentenced him failed to rule on the objections he made to the presentence investigation report (PSI). Because we have determined that Tranakos waived this argument through his failure to raise it on direct appeal, we affirm. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court may affirm on any ground finding support in the record).
 
 
 3
 In 1989, Tranakos was convicted of obstruction of justice, conspiracy to defraud the United States, and preparing and presenting fraudulent tax returns. The charges stemmed from a government investigation into the sale of common-law trusts used to evade federal income taxes. United States v. Tranakos, 911 F.2d 1422, 1424 (10th Cir.1990). Tranakos was sentenced to four years' imprisonment, to be followed by five years' supervised release. This court affirmed the convictions on direct appeal. Id. at 1433.
 
 
 4
 On January 18, 1991, Tranakos filed a "Motion To Correct Sentence Pursuant To Provisions of 28 U.S.C. § 2255." In that motion, he asserted one claim. It stated, "[t]he amount of loss by the United States Government in tax, viz, between 6 & 12 million, was never substantiated by any standard of proof at guilt or innocence or sentencing; however, that amount appears in the pre-sentence report and impacts the date of parole for Tranakos." Appellant's App.Doc. D at 4. The motion did not challenge specifically any other part of the PSI. Following a hearing, the district court denied the motion.
 
 
 5
 On appeal, Tranakos has substantially broadened his attack on the sentence. He maintains that the sentencing court did not comply with Fed.R.Crim.P. 32(c)(3)(D), and, therefore, resentencing is required. That rule states:
 
 
 6
 (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 7
 At the sentencing hearing, Tranakos' counsel made very specific objections to certain factual statements in the PSI. Appellant's App.Doc. F at 32-44. It is undisputed that the district court never entered written findings concerning those objections.
 
 
 8
 Our review of the record reveals, however, that Tranakos did not raise this issue on direct appeal. "[T]he failure by a defendant to raise a nonconstitutional issue on direct appeal when he was able to do so ordinarily will bar collateral review of that issue under Section 2255." United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988). Tranakos may overcome this bar only if he can show cause for the procedural default and actual prejudice resulting from the alleged sentencing error. United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987) ("[Section] 2255 is not available to test the legality of matters which should have been raised on appeal."), cert. denied, 487 U.S. 1222 (1988).
 
 
 9
 Federal R.Crim.P. 32(c)(3)(D) requires the district court to reduce to written form its findings regarding alleged inaccuracies in the PSI and directs that those findings be attached to the presentence report. United States v. Burger, No. 91-3267, slip op. at 16 (10th Cir. May 21, 1992) (citing United States v. Alvarado, 909 F.2d 1443, 1445 (10th Cir.1990)). Here, the district court did not comply with those requirements.[1] That fact, however, should have been obvious to Tranakos prior to the time he filed his direct appeal. See Gattas, 862 F.2d at 1435 (violations of the first part of Fed.R.Crim.P. 32(c)(3)(D) are obvious at sentencing). Consequently, absent a showing of cause and prejudice, we cannot review this error.
 
 
 10
 Tranakos has not even attempted to show cause for his default or actual prejudice. See Khan, 835 F.2d at 754. Consequently, he is barred from raising this issue in a § 2255 motion. The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Contrary to the government's suggestion, it is not clear the sentencing court disregarded the disputed facts in the PSI. The transcript of the sentencing hearing is unclear on this issue. See Appellant's App.Doc. F at 71-78