**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARNELL JAMAR NASH,

Defendant-Appellant.

No. 04-7038

Eastern District of Oklahoma

(D.C. No. CR-02-75-W)

**ORDER AND JUDGMENT** *

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Defendant-Appellant Darnell Jamar Nash was charged in a multi-count indictment with conspiracy to distribute a controlled substance, crack cocaine. On December 23, 2002, Mr. Nash pled guilty to count one of the indictment. The

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

plea agreement contained a set sentence of 22 years. It also contained an express waiver of any right to appeal the conviction or sentence, other than an upward departure from the sentencing guidelines. A presentence report was filed on February 25, 2003, and the government filed an objection seeking an upward adjustment for using a minor to commit a crime. Mr. Nash then requested substitute counsel, and filed a motion to withdraw his plea. That motion was denied on October 15, 2003. At a sentencing hearing on March 18, 2004, the district court overruled the defendant's objections to the presentence report, but granted the government's exception. The court nonetheless sentenced Mr. Nash to 22 years' imprisonment, pursuant to the plea agreement, plus 10 years' supervised release, and a special assessment fee of $100.

Mr. Nash appeals his conviction on the ground that the district court abused its discretion by not allowing him to withdraw his plea of guilty.[1] Recognizing that his plea agreement contained an appellate waiver, Mr. Nash argues that he falls with an exception to the enforceability of a plea waiver, where the plea agreement was not knowing or voluntary. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

[1] Mr. Nash filed a brief pro se, and for that reason, we interpret his arguments liberally. *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998). His appointed counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

The district court held an evidentiary hearing on Mr. Nash's motion to withdraw his plea, at which Mr. Nash testified regarding his claim that the plea was not knowing and voluntary and the alleged inadequacies of his original trial counsel. His original counsel filed an affidavit setting forth his version of the events. In a thorough order, the district court concluded that Mr. Nash had "failed to meet any of the criteria" for withdrawal of a guilty plea. Order of Oct. 15, 2003, at 7. The court found that Mr. Nash was not asserting his innocence, but was "simply unhappy that the guideline range in the presentence report is below the 22 year sentence contained in his plea agreement." *Id*. It also found that Mr. Nash had been "represented by experienced criminal defense counsel" prior to and at the time of the plea, that counsel had met with him "on numerous occasions" prior to the plea, and that in counsel's opinion "the defendant understood the terms of the plea agreement and the implications thereof." *Id*. at 8. The court also found that the district judge at the plea hearing "meticulously asked questions of the defendant, went over all of the defendant's constitutional rights and made a determination based upon the defendant's answers and demeanor that the plea was knowing and voluntary." *Id*. The court added that "[n]othing presented by the defendant contradicted [these] findings." *Id*. The court also noted that Mr. Nash has a GED and has earned 36 hours of college credits, and thus was capable of understanding his written plea agreement, which

stated "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation." *Id*. at 6.

We have carefully reviewed Mr. Nash's brief, as well as that of his counsel, and have reviewed the relevant orders and transcripts of the proceeding below. Based on the factual findings in the district court's Order of October 15, 2003, we conclude that Mr. Nash has not met his burden of showing that the guilty plea was not knowing or voluntary. We therefore DISMISS this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge