FILED
United States Court of Appeals
Tenth Circuit

January 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

DARNELL JAMAR NASH,

   Defendant - Appellant.

No. 14-7055
(D.C. Nos. 6:02-CR-00075-RAW-1 &
6:06-CV-00051-RAW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Darnell Jamar Nash is a federal prisoner proceeding pro se. He pled guilty to

drug conspiracy in violation of 21 U.S.C. § 846 and was sentenced in 2004 to

22 years' imprisonment pursuant to the terms of his plea agreement. On appeal, this

court held that Nash's plea agreement was knowing and voluntary. We therefore

enforced his appellate waiver and dismissed his appeal. *United States v. Nash*, 120 F.

App'x 770, 772 (10th Cir. 2005). Nash then filed a motion to vacate under 28 U.S.C.

§ 2255 raising several claims, including ineffective assistance of counsel. The

district court denied that motion, and this court denied a certificate of appealability

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("COA").  *United States v. Nash*, 229 F. App'x 700, 701-702 (10th Cir. 2007).  Nash now seeks a COA to appeal the district court's denial in part and dismissal in part of his motion filed almost seven years later, in January 2014, under Fed. R. Civ. P. 60(b)(4) and (6).  We deny a COA and dismiss this appeal.

Nash must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain a COA to appeal district court's dismissal of unauthorized second or successive motion under § 2255 for lack of jurisdiction); *see also Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (holding a COA is required to appeal the denial of a Rule 60(b) motion in a habeas case filed under 28 U.S.C. § 2254).  Because the district court's ruling rested on procedural grounds, Nash must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dulworth v. Jones*, 496 F.3d 1133, 1138 (10th Cir. 2007) (holding two-part COA standard applies in Rule 60(b) context).  We liberally construe Nash's pro se application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

Under Rule 60(b)(4) or (6), the district court can relieve a party from a final judgment if "the judgment is void" or for "any other reason that justifies relief."  The grant or denial of a Rule 60(b) motion is within the district court's discretion.  *See*

*Davis v. Kan. Dept. of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007). The district court held that a portion of Nash's motion was properly asserted under Rule 60(b) because he challenged a procedural ruling by the district court on his § 2255 motion that precluded a merits determination on his claims. *See Spitznas*, 464 F.3d at 1216 (holding that a motion raising that kind of claim should not be treated as a second or successive habeas application). The district court denied relief on the ground that its judgment in Nash's § 2255 proceeding had been effectively upheld by this court when we denied him a COA. In his current application for a COA, Nash continues to argue that the district court's procedural ruling in his § 2255 proceeding was in error. But he does not demonstrate that jurists of reason would debate whether the district court abused its discretion in denying his Rule 60(b) motion. *See Dulworth*, 496 F.3d at 1137-38.

The district court also construed a portion of Nash's Rule 60(b) motion as an unauthorized second or successive § 2255 motion because he asserted a claim of ineffective assistance of counsel. It dismissed that portion of the motion for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (holding a Rule 60(b) motion is a second or successive § 2255 motion if it challenges the defendant's conviction or sentence rather than a procedural error in the previous § 2255 proceeding). In his application for a COA, Nash maintains that the district court misconstrued his Rule 60(b) motion because his sole claim was directed to the district court's procedural ruling that precluded a merits determination in his § 2255

proceeding. But in his Rule 60(b) motion, Nash asserted grounds for claiming ineffective assistance of counsel, and the district court only dismissed the motion to the extent that it raised that substantive claim. Nash does not demonstrate that reasonable jurists would debate the correctness of the district court's ruling.

Accordingly, we deny Nash's application for a COA and dismiss the appeal. We grant his motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -